OPINION OF THE COURT
Richard D. Rosenbloom, J.
This is a motion by plaintiff pursuant to RPAPL 1355 to confirm a Referee’s report of sale in an action to foreclose a mortgage. Defendant Kenton W. Wheat objects to confirmation on the grounds that the sale was held in violation of the stay in effect in the United States Bankruptcy Court and that certain charges assessed against him were improper.
This action was commenced in June, 1979. On March 24, 1980, defendant Wheat filed a voluntary petition in bankruptcy under chapter 13 of the Bankruptcy Reform Act of 1978 (US Code, tit 11, ch 13). Pursuant to the provisions of section 362 of title 11 of the United States Code, the filing of the petition operated as an automatic stay of the mortgage foreclosure action.
*1047 Thereafter, plaintiff requested to be relieved from the terms of the automatic stay and a hearing was scheduled for June 24,1980. The preliminary hearing was adjourned to July 15, 1980 at which time the bankruptcy Judge directed that the stay be terminated on August 15, 1980 unless a final hearing was ordered in the interim.
On July 29, 1980, a proposed plan under chapter 13 was rejected and the proceeding was converted to a chapter 7 liquidation (US Code, tit 11, ch 7). An order to that effect dated August 11, 1980 specified the conversion date as August 4, 1980. Subsequently, an order dated August 15, 1980 recited the foregoing facts, terminated the stay and expressly permitted plaintiff to continue its foreclosure action. The Referee’s sale was held on September 22,1980.
Defendant contends that upon the conversion of his proceeding from chapter 13 to chapter 7, a new automatic stay became effective and further claims that he was so advised by the bankruptcy Judge and court personnel. He communicated his position to plaintiff’s attorneys and the Referee prior to the sale. Plaintiff takes the position that the sale was properly held pursuant to the bankruptcy Judge’s order dated August 15, 1980 terminating the stay.
The issue to be decided is whether or not the order granting relief from the stay survived the conversion of the bankruptcy proceeding from chapter 13 to chapter 7. The stay imposed by section 362 of title 11 of the United States Code expressly applies to cases under chapters 7, 11, and 13 (US Code, tit 11, § 103, subd [a]). The bankruptcy Judge appropriately terminated the stay of plaintiff’s action in accordance with the provisions of subdivision (d) of section 362 of title 11 of the United States Code based on a finding that plaintiff lacked adequate protection for its security interest in defendant’s real property.
The consequences of defendant’s conversion from chapter 13 to chapter 7 are governed by subdivision (a) of section 348 of title 11 of the United States Code which provides as follows: “Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in *1048 subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.” The exceptions contained in subdivisions (b) and (c) of section 348 of title 11 of the United States Code do not include the automatic stay provision and are not applicable to the instant case.
The apparent intent of section 348 of title 11 of the United States Code is to treat a conversion from one chapter to another as a part of one continuous proceeding. Since there was no change in the date of filing of the petition or commencement of the case, the converted proceeding related back to the original filing date of March 24, 1980. No new stay was imposed by reason of the conversion. The order of the bankruptcy Judge terminating the automatic stay is therefore applicable to the converted chapter 7 proceeding.
This conclusion is further supported by the fact that the order granting relief from the stay was signed by the bankruptcy Judge on August 15, 1980, which date was after the conversion to chapter 7. It is also noted that the conversion in no way affected the lack of protection of plaintiff’s interest in defendant’s property. Any purported advice to the contrary which defendant claims to have received would not contravene the filed written orders and the legal effect of the statute.
Defendant’s second contention is that he was improperly charged with expenses of the sale beyond October 2, 1980. The sale in question was conducted on September 22, 1980 and the terms of sale provided for delivery of the deed on October 2, 1980. The closing actually took place on January 9, 1981 and the plaintiff proposed adjustments as of that date.
The court has considered each of defendant’s objections and makes the following determinations:
1. The school tax for 1980-1981 became a lien on the property on September 9, 1980 and was therefore properly paid by the trustee and proportioned between buyer and seller.
*1049 2. The description of the property in defendant’s deed was legally insufficient to convey marketable title. Therefore, the cost of a survey was a reasonable and necessary charge to assess to the defendant.
3. Defendant claims that adjustment of interest, taxes and other expenses should have been made no later than October 2, 1980.
Considering that time of closing was not an essential term of the sale and plaintiff’s explanation for the delay, the date of December 15, 1980 is determined to be a reasonable time for the Referee to have been in a position to convey marketable title. Accordingly, adjustments should be made as of that date.
For the foregoing reasons, the court concludes that the stay of this action was terminated by the order of the United States Bankruptcy Court dated August 15, 1980 and confirms the report of sale with closing adjustments to be made as of December 15, 1980.